**UNITED STATES ex rel. HAFT v. TOD, Commissioner of Immigration.**

·(District Court, S. D. New York. August 27, 1923.)

**1. Habeas corpus ⊚═92(1)—Finding of immigration officials, based on conflicting evidence not disturbed.**

In a habeas corpus proceeding for discharge of alien held for deportation, finding of immigration officials, based on conflicting evidence, that alien was a person of constitutional psychopathic inferiority, cannot be disturbed.

**2. Habeas corpus ⊚═92(1)—Where finding of immigration officials is based on competent evidence, sole question is whether hearing was fairly conducted.**

In habeas corpus proceeding for discharge of alien held for deportation, where competent evidence supports finding of immigration officials, court's only function is to determine whether hearing was fairly conducted.

Habeas Corpus. Proceeding by the United States, on the relation of Louis Haft, against Robert E. Tod, Commissioner of Immigration at the Port of New York. Writ dismissed.

Order affirmed, 300 Fed. 918.

Morris Jablow, of New York City, for alien.
Wm. Hayward, U. S. Atty., of New York City for Robert E. Tod.

KNOX, District Judge. [1] The hardship attendant upon the alien through the dismissal of the within writ has prompted me to give this record extended and careful consideration. Having done so, it is my opinion that the finding of the immigration officials to the effect that Louis Haft was a person of constitutional psychopathic inferiority at the time of his admission to the United States is supported by competent evidence and cannot be disturbed. Alienists, apparently qualified, after an examination of the patient, have testified that he is suffering from dementia præcox, and that such affliction arose from a constitutionally defective mentality. The circumstance that other equally

---

⊚═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests.& Indexes

qualified alienists testified to the contrary does not permit me to pass upon the weight of evidence before the board.

[2] My only function, in the event that competent evidence does support their finding, is to determine if the hearing was fairly conducted. Low Wah Suey v. Backus, 225 U. S. 460, 32 Sup. Ct. 734, 56 L. Ed. 1165. Here I cannot say there was unfairness. Having reached this judgment, it is unnecessary to discuss the other charges upon which the warrant of deportation is based. I will, however, say this: That although the alien became a public charge within five years after entry, I believe it to be extremely doubtful if the charge thereon can properly be sustained. The state authorities do not seem to have fixed any charge for the maintenance of the alien, as they were lawfully bound to do, nor did they request seemingly responsible relatives of the alien, who are legally liable for his support, to pay for his maintenance. Haft became a public charge only through sufferance, and under such circumstances the complaint of the state to the immigration officials comes with poor grace.

Even so, I feel that the record necessitates the dismissal of the writ.